UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JUSTINE FERREIRA, *individually and as Parent and Natural Guardian of N.R.*,

        Plaintiff,

  -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

        Defendant.
------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 20-cv-1737 (FB)(SJB)

*Appearances:*
*For the Plaintiff*:
KARL J. ASHANTI, ESQ.
233 Broadway, Suite 1800
New York, New York 10279

*For the Defendant*:
NEW YORK CITY LAW DEP'T
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

    Plaintiff Justine Ferreira brings this action individually and as the parent of N.R. against the New York City Department of Education ("DOE") for violations of 42 U.S.C. § 1983, 20 U.S.C. § 1415 (j), and N.Y. Education Laws §§ 4404 and 4410. On April 20, 2020, plaintiff sought a preliminary injunction ordering the DOE to implement an Impartial Hearing Officer's ("IHO") order requiring the City to fund N.R.'s pendency placement at iBRAIN for the 2019-20 school year. On May 13, 2020, the Court denied the preliminary injunction in light of the State Review Officer's ("SRO") subsequent reversal of the IHO's order. The Court also ordered plaintiff to show cause as to why the complaint should not be dismissed in light of

1

the SRO's reversal. Plaintiff responded on June 3, 2020. For the following reasons, the complaint is dismissed.[1]

\* \* \*

The Court assumes familiarity with the procedural history of this case. The relevant facts as are follows. On June 21, 2018, plaintiff unilaterally changed N.R.'s educational placement from iHOPE to iBRAIN. Plaintiff subsequently brought suit in the Southern District of New York to receive funding at iBRAIN for the 2018-19 and 2019-20 school years. On March 6, 2020, Judge Furman granted summary judgment in the DOE's favor. Judge Furman concluded that the DOE need not fund N.R.'s pendency placement at iBRAIN for 2018-19 *or* 2019-20 because "parents are not entitled to stay-put funding where [] they unilaterally change their child's pendency-funded school and a school district has not agreed to the switch." *Ferreira v. N.Y.C. Dep't of Educ.*, 2020 WL 1158532, at \*4 (S.D.N.Y. Mar. 6, 2020).

On March 16, 2020, contrary to Judge Furman's decision, an IHO found that iBRAIN was in fact N.R.'s pendency placement for the 2019-20 school year and awarded funding. On May 4, 2020, an SRO reversed the IHO's order. The SRO concluded that because Judge Furman decided "exactly the issue [] posed to the IHO" – funding for 2019-20 – his decision was preclusive over the IHO's order.

---

[1] This Court declines to exercise supplemental jurisdiction over the pendent state law claims. *See* 28 U.S.C. § 1367(c)(3).

Having denied the motion for preliminary injunction, the only remaining relief sought by the plaintiff is an entry of judgment requiring the DOE to implement the IHO's order, thereby reversing the SRO's order, and fund N.R.'s pendency placement at iBRAIN for 2019-20.

* * *

Shortly after the IHO rendered his decision, the Second Circuit, in a different case, concluded that a parent cannot "determine unilaterally how [their child's] educational program is to be provided at the City's expense." *Ventura de Paulino v. NYC Dep't of Educ.*, 2020 WL 2516650, at *12 (2d Cir. May 18, 2020). In light of *Ventura de Paulino*, because Ferreira unilaterally moved N.R. to iBRAIN "at [her] own financial risk," she cannot seek relief under 20 U.S.C. § 1415(j) to obtain pendency funding for this unilateral decision. *Id.* at *11.

Since the IHO determined that parents *may* unilaterally transfer their child and receive pendency funding, his order must be reconsidered in light of *Ventura de Paulino*. The complaint is, therefore, dismissed as the Court cannot order the DOE to implement an IHO's order that has been rendered obsolete.

**IT IS SO ORDERED.**

     /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

June 5, 2020
Brooklyn, New York