UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JUSTINE FERREIRA, *individually and as
Parent and Natural Guardian of N.R.*,

                    Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-01737-FB-SJB

*Appearances:*
*For the Plaintiff*:
KARL J. ASHANTI, ESQ.
Brain Injury Rights Group
300 E. 95th Street, Suite 130
New York, NY 10128

*For the Defendant*:
New York City Law Department
By: SHARON SPRAYREGEN, ESQ.
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

      Plaintiff Justine Ferreira sought relief pursuant to a pendency petition under

the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j),

requesting that the Department of Education ("DOE") fund her child N.R.'s

pendency placement at International Institute for the Brain ("iBRAIN"). While her

suit was pending, the issue raised by her petition was decided by the Second Circuit

in *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020).

The Second Circuit concluded that a parent "cannot determine unilaterally how

[their child's] educational program is to be provided at the City's expense." *Ventura de Paulino*, 959 F.3d at 536. The Court concluded in its June 5, 2020 Memorandum and Order that "because Ferreira unilaterally moved N.R. to iBRAIN at her own financial risk, she cannot seek relief under 20 U.S.C. 1415(j) to obtain pendency funding for this unilateral decision."

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "It is well settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (*quoting Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Ferreira has failed to identify controlling decisions or data that were overlooked.

Ferreira moves for reconsideration principally on the grounds that the Second Circuit's decision in *Ventura de Paulino* is not binding. Initially, this was framed in light of a then-pending petition for rehearing – later as a petition for rehearing en

banc – in the Second Circuit. After those petitions were denied by the Second Circuit, the claim was framed around a petition for certiorari to the United States Supreme Court, which was filed on November 19, 2020. This Court will not engage in judicial forecasting. It takes the law as it finds it and will apply the controlling precedent of the Second Circuit. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("[A lower court] should follow the case which directly controls, leaving to [reviewing courts] the prerogative of overruling [their] own decisions."). Ferreira's contention that the Second Circuit's decision in *Ventura de Paulino* does not have binding effect lacks merit and must be rejected. *See United States v. Victor Teicher & Co., L.P.*, 785 F. Supp. 1137, 1150 (S.D.N.Y. 1992) (finding clear authority from the Court of Appeals binding even though a party would be filing a petition for certiorari); *see also Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992).

Plaintiff's new argument that the DOE is retroactively liable for funding must be rejected as it was not previously raised and improperly seeks to ignore the Second Circuit's controlling decision in *Ventura de Paulino*. *See Sequa Corp.*, 156 F.3d at 144 ("Rule 59 is not a vehicle for … presenting the case under new theories").

For the foregoing reasons, Ferreira's motion for reconsideration is hereby DENIED.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 8, 2021

4